NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EILEEN FOGEL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 22-6959 (ZNQ) (JTQ)<br><br>OPINION |

QURAISHI, District Judge

THIS MATTER comes before the Court upon a partial Motion to Dismiss filed by Defendant the United States of America ("Defendant"). ("Motion," ECF No. 52.) Defendant filed a brief in support of the Motion. ("Moving Br.," ECF No. 52-2.) Plaintiffs Eileen Fogel ("Eileen") and Alan Fogel ("Alan") (collectively, "Plaintiffs" or the "Fogels") filed opposition ("Opp'n Br.," ECF No. 54), to which Defendant replied ("Reply Br.," ECF No. 55).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Defendant's Motion to Dismiss.

I.      BACKGROUND AND PROCEDURAL HISTORY

This case stems from a motor vehicle accident. (ECF No. 3, Am. Compl. ¶ 1.) On December 8, 2020, Eileen was operating a motor vehicle in Freehold when Jorge A. Maldonado ("Maldonado"), an active duty First Sergeant in the United States Army ("Army"), rear-ended Eileen's vehicle. (*Id.* ¶¶ 12–15.)

1

On April 19, 2021, the Army received a Standard Form 95 Claim for Damage, Injury, or Death ("SF-95") from both Eileen and Alan.  (ECF No. 52, Ex. D ("SF-95")).  The Fogels claimed $1 million in personal injuries.  (*Id.*)  Specifically, Eileen claimed "serious personal injuries, including but not limited to her left breast, left hip, right knee, fractured public pelvic bone, and leg injuries." (*Id.*)  Alan listed a per quod claim resulting from Eileen's accident and the injuries she sustained.  (*Id.*)  On the SF-95, Eileen indicated that she "reserves the right to amend [her] response after Counsel . . . receive[s] any additional information the investigation may reveal." (*Id.*)  Despite Eileen's reservation, the Fogels never submitted an amended SF-95 to the Army. (Moving Br. at 3.)

On December 1, 2022, Plaintiffs filed this suit before the Court.  (ECF No. 1.)  Plaintiffs filed an Amended Complaint on February 10, 2023.  (ECF No. 3.)  In late January 2024, Plaintiffs served discovery responses that expanded Eileen's list of injuries originally included on the Fogels' SF-95.  (Moving Br. at 3.)  The discovery responses listed additional injuries: post-traumatic lymphedema; CRPS type one of the left upper extremity; hematoma and edema of the lateral chest wall; neck lacerations; concussion; migraines; pain/sprain of the thoracic spine; and rib injuries.  (*Id.*)  Plaintiffs declined to amend their discovery responses to conform the injuries to the SF-95.  (*Id.*)  Defendant continued to contest the expanded list of alleged injuries on the merits and ultimately filed this Motion to address the issue.  (*Id.* at 4.)

## II.    <u>LEGAL STANDARD</u>

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a claim for lack of jurisdiction over the subject matter at any time in a case.  *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing Fed. R. Civ. P. 12(b)(1)).  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion."  *Hedges v. United States*, 404

F.3d 744, 750 (3d Cir. 2005). If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, Civ. No. 07-1797, 2007 WL 2916511, at *3 (D.N.J. Oct. 5, 2007) (citing *Cardio-Medic. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)). Where, as here, the challenge is factual, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). Given that the present motion concerns a factual challenge, whether Plaintiffs exhausted their administrative remedies, the Court may consider documents attached to the pleadings. *Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. 2007) (affirming district court's treatment of motion to dismiss for failure to exhaust administrative remedies under the FTCA as a factual attack on jurisdiction); *see also White-Squire v. United States Postal Serv.*, Civ. No. 08-3486, 2009 WL 313338, at *6–7 (D.N.J. Feb. 5, 2009).

## III.    **DISCUSSION**

Defendant argues that Plaintiffs have not exhausted all FTCA claims alleged in the Amended Complaint for the new injuries Eileen complains of and that these new injuries should be dismissed for lack of jurisdiction. Plaintiffs allege that Eileen reserved the right to amend her injuries at any time as indicated in the SF-95.

3

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks and citations omitted). "Sovereign immunity, therefore, deprives a court of subject matter jurisdiction over a claim against the United States unless a statute grants an express waiver of immunity." *White-Squire*, 2009 WL 313338, at *3 (citing *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000)). Thus, the Federal Tort Claims Act ("FTCA") is jurisdictional in nature, as it provides a limited waiver of sovereign immunity for negligent acts committed "by an officer or employee of the federal government acting within the scope of his/her employment." *Fontanez v. Lopez*, Civ. No. 11-2573, 2011 WL 2745809, at *8 (D.N.J. July 12, 2011) (citing 28 U.S.C. § 2672).

"Because the [FTCA] constitutes a waiver of sovereign immunity, the [FTCA's] established procedures have been strictly construed." *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1194 (3d Cir. 1989). Therefore, noncompliance with these procedures "deprives a claimant of federal court jurisdiction over his or her claim." *Davis v. Marsh*, 807 F.2d 908, 911 (11th Cir. 1987) (quoting *Adams v. United States*, 615 F.2d 284, 290 (5th Cir. 1980)).[1] Courts "'should not take it upon [them]selves to extend the waiver beyond that which Congress intended.'" *White-Squire v. U.S. Postal Serv.*, 592 F.3d at 453, 456 (3d Cir. 2010) (quoting *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)).

---

[1] Under the applicable regulations, an FTCA claim "shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a). Percolating beneath the parties' dispute in the present Motion appears to be a two-year statute of limitations:  an FTCA claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Johnson v. New Jersey Door Works, Inc.*, Civ. No. 12-4380, 2014 WL 585411, at *2 (D.N.J. Feb. 14, 2014) (citing 28 U.S.C. § 2401(b)) (emphasis omitted).

4

Relying on the FTCA, Defendant contends that Plaintiffs' present cause of action must be limited to the specific injuries identified in their original SF-95 form.  Under the FTCA, prior to filing an action in court, a plaintiff

> shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant, any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (alteration added).  "The statute requires 'complete exhaustion' of administrative remedies before a claimant can seek relief in court." *Ahmed v. United States*, 334 F. App'x 512, 513 (3d Cir. 2009) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).  A plaintiff may not "'present one claim to the agency and then maintain suit on the basis of a different set of facts.'"  *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (quoting *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011–12 (7th Cir. 1991)).  Pursuant to 28 U.S.C. § 2675, the notice of a claim to the federal agency, in claim form SF-95, must allege sufficient facts to allow the agency to investigate.  *Roma*, 344 F.3d at 362–63 (citing *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982)).

Defendant submits that jurisdiction under the FTCA in this Court exists solely over the scope of the FTCA claim contained in Plaintiffs' SF-95 claim form.  The Army received Plaintiffs' SF-95 claim form on April 19, 2021.  (SF-95 Form at 1, attached as Exhibit D to Declaration of John T. Stinson, Esq., in support of Motion to Dismiss, ECF No. 53-4).  Therein, Plaintiffs disclosed the following claims:

> The Claimant, Eileen M. Fogel, sustained serious personal injuries, including but not limited to her left breast, left hip, right knee, fractured pubic pelvic bone, and leg injuries. . . . Claimant, Alan Fogel, has a per quod claim resulting from Eileen M. Fogel's accident and the injuries sustained.

5

(*Id*.)

Accordingly, Defendant maintains that jurisdiction over Plaintiffs' FTCA claim is limited to the above allegations.  In her interrogatory answers and expert reports, Eileen asserts new conditions, including: concussion; spinal issues; and a comprehensive pain syndrome distinguishable from her rheumatoid arthritis.

Upon review of Plaintiffs' SF-95, the scope of the FTCA claim Plaintiffs disclosed before filing the Amended Complaint includes only injuries to her left breast, left hip, right knee, and both legs, as well as a fractured pubic pelvic bone.  The new injuries—reported more than three years later—are not a worsening of what she originally reported to the Army in her SF-95. Notably, the new injuries are to parts of her body entirely different from those originally disclosed in the SF-95.  *Compare Cabrera v. United States*, Civ. No. 18-7270, 2020 WL 5992929, at *10– 11 (S.D.N.Y. Oct. 9, 2020) (holding that the court lacked jurisdiction over plaintiff's alleged injuries to his left knee because his SF-95 only asserted injuries to his neck, back, and right knee) *and McDaniel v. U.S. Postal Serv.*, Civ. No. 97-667, 1999 WL 33921854, at *3 (D. Conn. Aug. 20, 1999) (holding that the court lacked jurisdiction over plaintiff's alleged injuries to her right knee and left foot because her SF-95 only identified "back pain (lower and middle), [injuries to her] left side of neck, [injuries to her] left knee, headaches, [injuries to her] right foot, and premature labor contractions."), *with Park v. United States*, Civ. No. 17-13139, 2020 WL 4282731 (D.N.J. July 27, 2020) (holding that the court had jurisdiction, as plaintiff sustained a head injury originally diagnosed as a concussion, but after further medical consultation and testing around her symptoms for the same injury, she was diagnosed with a traumatic brain injury).

The Court lacks jurisdiction over any FTCA claims stemming from injuries not complained of in Plaintiffs' SF-95 and must therefore dismiss without prejudice these unexhausted FTCA

claims under Rule 12(b)(1).[2]  *See, e.g.*, *Wadhwa v. Nicholson*, 367 F. App'x 322, 325 (3d Cir. 2010) (holding district court properly dismissed without prejudice unexhausted FTCA claim); *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 418 (6th Cir. 2024) ("We therefore find that the district court correctly dismissed plaintiffs' [FTCA] claim without prejudice for failure to exhaust.").  *See also Cabrera*, 2020 WL 5992929, at *11 (court lacked jurisdiction over certain alleged injuries not asserted in plaintiff's SF-95); *Guthrie v. U.S. Fed. Bur. of Prisons*, Civ. No. 09-990, 2010 WL 2836155, at *4 (S.D.N.Y. July 7, 2010) ("Because Plaintiff failed to meet the exhaustion requirement of the FTCA by listing specific injuries, all common law tort claims other than the claim relating to hair loss are dismissed for lack of subject matter jurisdiction"); *MacDaniel*, 1999 WL 33921854, at *3 (injuries not included in plaintiff's SF-95 cannot "form the basis for an FTCA suit.").

## IV.   <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Dismiss.  Any injury claims not expressly set forth in Plaintiffs' SF-95 received in April 2021 by the Army will be dismissed without prejudice.  An appropriate Order will follow.

Date: July 15, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs offer no basis for their assertion that Eileen's "additional diagnoses were not reasonably discoverable when the claim was filed."  (ECF No. 41.)